UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20553-CIV-GOLD/McALILEY

ALBERT E. GUILDER,

       Petitioner,

v.

FEDERAL BUREAU OF
INVESTIGATION,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion for Rehearing by Plaintiff, Albert Guilder ("Guilder") [DE 11], which was referred to me by the Honorable Alan S. Gold [DE 13]. For the reasons set forth below, this Court recommends that Guilder's motion be denied.

## I.  BACKGROUND

On February 22, 2010, Guilder filed a Complaint against the Federal Bureau of Investigation ("FBI").  [*See* DE 1].  On March 17, 2010, Judge Gold entered an Order advising Guilder that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, he was required to serve the Defendant no later than June 22, 2010.[1]  [*See* DE 7].  Judge Gold warned that a failure to serve the Defendant in accordance with the Federal Rules would result in a dismissal of the action without prejudice.  [*See id*.].  Guilder filed a "Notice of

_____

[1] Rule 4(m) requires that service be made within 120 days of filing a Complaint.

Filing" on April 9, 2010, in which he informed the Court that "the FBI Federal Bureau of Investigation has been (copied) served, and an updated certificate of service follows." [DE 8]. The attached "Certificate of Service" stated that "I hereby certify that the Federal Bureau of Investigation and this Honorable Court has been copied and furnished by US Mail and the FBI has been served the emergency writ of replevin and the replevin complaint on this 31st day of March, 2010."[2]  [*Id*.]. On May 19, 2010, Guilder filed a second "Notice of Filing." [*See* DE 9]. In this second Notice, Guilder states,

> Plaintiff Albert E. Guilder Notices the Court in compliance with Rule 4(m) in accordance with the Federal Rules of Civil Procedure that the Defendant the Federal Bureau of Investigation has been served.  Plaintiff prays this Honorable Court accept this Notice of Filing and will continue to review his replevin complaint and emergency Writ of Replevin without delay.

[*Id*.].

On September 3, 2010, Judge Gold dismissed Guilder's Complaint, without prejudice, because Guilder had failed to properly serve the Defendant in accordance with the Federal Rules.  [*See* DE 10].  Guilder then filed the instant Motion for Rehearing on the Order dismissing his Complaint.  [*See* DE 11].

## II. ANALYSIS

Rule 4 of the Federal Rules of Civil Procedure governs service of process.  Rule 4(m) provides that if service is not effectuated within 120 days after the complaint is filed, the court must dismiss the action.  Fed. R. Civ. P. 4(m).  Rule 4(i) addresses service on agencies

---

[2] Guilder's Complaint is a replevin action for the return of property.

of the United States, and imposes numerous requirements for proper service.  Specifically,

to serve an agency of the United States, a plaintiff must do the following:

> (1) deliver a copy of the summons and complaint to either the United States attorney for the Southern District of Florida or an assistant formally designated by the United States Attorney (in writing, to the Clerk of the Court), or send copies by registered or certified mail to the civil-process clerk at the United States attorney's office; and

> (2) send copies by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

> (3) send a copy of the summons and complaint by registered or certified mail to the FBI.

*See* Fed. R. Civ. P. 4(i).

In his "Notices of Filing," Guilder states that he sent a copy of the Complaint to the

FBI by certified mail.  [*See* DE 8, 9].[3]  That, in itself, is insufficient under Rule 4(i).  In his

motion for rehearing, Guilder states that he did more in the way of service:

> On March 18, 2010 plaintiff sent to the Federal Bureau of Investigation a date stamped copy of the emergency writ of Replevin and a date stamped copy of the Replevin Complaint and both were sent registered mail and the same was sent to the Assistant U.S. Atty. Anthony Gonzalez by date stamped registered mail.  The F.B.I. has ignored proper service of the above Replevin pleadings and plaintiff would plead with the court the issue a show cause order to the F.B.I. why they have ignored proper service.  A true copy of the Replevin Pleading were also sent to the United States Marshall in Dade County, for service.

---

[3] While the FBI may have received a copy of the Complaint by certified mail, the Eleventh Circuit has expressly stated that "actual notice of a suit does not dispose of the requirements of service of process."  *Jackson v. Warden, FCC Coleman*, 259 Fed. Appx. 181,  182 (11th Cir. 2007).

[DE 11 at p. 1]. Assuming Guilder did everything he claims to have done in his motion for rehearing, he has still failed to comply with the requirements of Rule 4(i). While Guilder served *some* of the individuals and agencies required, he has not served *all* of the individuals and agencies listed in Rule 4(i). To properly serve the FBI, Guilder must serve as follows:

1. any one of the following three:

   a. deliver by hand to the United States Attorney for the Southern District of Florida, Mr. Wifredo Ferrer;

   b. deliver by hand to an assistant who has been designated by Wifredo Ferrer, in writing filed with the Clerk of the Court;

   c. send by registered or certified mail to the civil-process clerk at the United States Attorney's Office;

2. *and*, send copies by registered mail to the Attorney General of the United States, Mr. Eric Holder, at his office in Washington, D.C.;

3. *and*, send copies by registered or certified mail to the FBI.

By his own account, Guilder has served only the FBI and Assistant United States Attorney Anthony Gonzalez.[4] Because Guilder has not complied with the requirements of service on a government agency, his Complaint should be dismissed without prejudice. *See Jackson*, 259 Fed. Appx. at 182 ("Because Jackson failed to serve defendants properly, we find that

---

[4] There is no indication that AUSA Gonzalez has been identified to the Clerk of the Court as someone who can accept service of process on behalf of the United States Attorney.

4

this case should have been dismissed without prejudice").

Guilder's attempt at service also fails because while he claims he served a copy of the Complaint on certain agencies, he did not serve a summons.  Rule 4(c) requires that a copy of the summons must be served along with a copy of the complaint to each defendant.  Fed. R. Civ. P. 4(c).  Because Guilder did not serve a summons along with the Complaint, he has failed to effectuate proper service in accordance with Rule 4.  *See Turner v. United States*, 203 Fed. Appx. 952, 954 (11th Cir. 2006) ("although Turner properly served the complaint on the Attorney General by certified mail, he did not include a summons, thereby failing to effect service pursuant to Rule 4").  Guilder must serve the Complaint and Summons on the persons and agencies listed above in order to effect proper service under the Federal Rules. His failure to do so requires that his Complaint be dismissed without prejudice.

Finally, while Guilder states that he mailed a copy of the Complaint to the United States Marshal in Dade County for service, he has not complied with Rule 4's requirements for service by a Marshal.  Rule 4(c) provides that

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c).  Guilder did not request that the Court order service to be made by a United States Marshal, nor did he apply for and receive authorization to proceed *in forma pauperis*.

Guilder states that, pursuant to the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519 (1971), he should be "held to a lesser standard than an attorney." [DE 8]. In *Haines*, the Court held that *pro se* pleadings should be held to less stringent standards than those drafted by attorneys. *Haines*, 404 U.S. at 520. However, while allegations in *pro se* pleadings are liberally construed, *pro se* plaintiffs are not relieved of the requirements of service of process. *See Pardazi v. Cullman Medical Center*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served"); *Jackson*, 259 Fed. Appx. at 182 (dismissing *pro se* plaintiff's complaint for failure to properly serve defendants).

Guilder failed to serve the FBI in accordance with the requirements of the Federal Rules. Accordingly, his Complaint was properly dismissed without prejudice, and his Motion for Rehearing should be denied.

### III. RECOMMENDATIONS

In light of the foregoing, this Court RECOMMENDS that Guilder's Motion for Rehearing [DE 11] be DENIED.

### IV. OBJECTIONS

Pursuant to Magistrate Rule 4(a), the parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold within 14 days. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte*

6

*v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

     RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 18th day of

April, 2011.


                             _____

                             CHRIS McALILEY

                             UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable Alan S. Gold
Counsel of record

Via U.S. Mail, to:
Albert Guilder, *pro se*
DC #L35658
Desoto Correctional Institution
13617 SE Highway 70
Arcadia, FL  34266-7800